Fred W. Schwinn (SBN 225575)
fred.schwinn@sjconsumerlaw.com
Jovanna R. Longo (SBN 251491)
jovanna.longo@sjconsumerlaw.com
CONSUMER LAW CENTER, INC.
12 South First Street, Suite 1014
San Jose, California 95113-2418
Telephone Number: (408) 294-6100
Facsimile Number: (408) 294-6190

Attorneys for Plaintiff
NAKEETA ROSHON CASADO

ORIGINAL FILED
08 JUN -6 PM 1:45
RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA S.J.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

NAKEETA ROSHON CASADO,

Plaintiff,

v.

CREDITORS INTERCHANGE RECEIVABLE MANAGEMENT, LLC, a Delaware limited liability corporation,

Defendant.

Case No. C08 02829 JF HRL

COMPLAINT

DEMAND FOR JURY TRIAL

15 United States Code § 1692 *et seq.*
California Civil Code § 1788 *et seq.*

Plaintiff, NAKEETA ROSHON CASADO (hereinafter "Plaintiff"), based on information and belief and investigation of counsel, except for those allegations which pertain to the named Plaintiff or her attorneys (which are alleged on personal knowledge), hereby makes the following allegations:

## I. INTRODUCTION

1. This is an action for statutory damages, attorney fees and costs brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA"), and the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788 *et seq.* (hereinafter "RFDCPA") which prohibit debt collectors from engaging in abusive, deceptive and unfair practices.

2. According to 15 U.S.C. § 1692:

   a. There is abundant evidence of the use of abusive, deceptive, and unfair debt

-1-
COMPLAINT

      collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

    b. Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

    c. Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

    d. Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

    e. It is the purpose of this title to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

## II. JURISDICTION

3. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

4. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

## III. VENUE

5. Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b), in that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district. Venue is also proper in this judicial district pursuant to 15 U.S.C. § 1692k(d), in that the Defendant transacts business in this judicial district and the violations of the FDCPA complained of occurred in this judicial district.

///

## IV. INTRADISTRICT ASSIGNMENT

6.This lawsuit should be assigned to the San Jose Division of this Court because a substantial part of the events or omissions which gave rise to this lawsuit occurred in Santa Clara County.

## V. PARTIES

7.Plaintiff, NAKEETA ROSHON CASADO (hereinafter "Plaintiff"), is a natural person residing in Santa Clara County, California. Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1692a(3) and a "debtor" within the meaning of Cal. Civil Code § 1788.2(h).

8.Defendant, CREDITORS INTERCHANGE RECEIVABLE MANAGEMENT, LLC (hereinafter "Defendant"), is a Delaware limited liability corporation engaged in the business of collecting debts in this state with its principal place of business located at: 80 Holtz Drive, Cheektowaga, New York 14225. Defendant may be served at the address of its Registered Agent: Creditors Interchange Receivable Management, LLC, c/o Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808. The principal purpose of Defendant is the collection of debts using the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another. Defendant is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2(c).

## VI. FACTUAL ALLEGATIONS

9.On a date or dates unknown to the Plaintiff, Plaintiff incurred a financial obligation, namely a Chase Manhattan Bank credit card bearing the account number XXXX-XXXX-XXXX-6815 (hereinafter "the debt"). The debt was incurred primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and a "consumer debt" as that term is defined by Cal. Civil Code § 1788.2(f).

10.Sometime thereafter on a date unknown to the Plaintiff, the alleged debt was consigned, placed or otherwise transferred to Defendant for collection from the Plaintiff.

11.Thereafter, Defendant sent a collection letter (Exhibit "1") to Plaintiff which is a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

12.A true and accurate copy of the collection letter from Defendant to Plaintiff

-3-
COMPLAINT

is attached hereto, marked Exhibit "1," and by this reference is incorporated herein.

13. The collection letter (Exhibit "1") is dated September 7, 2007.

14. The collection letter (Exhibit "1") was the Defendant's first written notice initially addressed to the Plaintiff in connection with collecting the alleged debt.

15. On or about September 25, 2007, an employee of the Defendant recorded the following message on the Plaintiff's answering machine:

> R Casado. My name is Lisa Ferrell. It is very important to contact me, 716-614-5358. My extension is 3334. Again Miss Casado, very important that I do speak to you prior to 2pm eastern standard time. This will be our final courtesy call to you. Your case number, please make reference to is 11177137. Again, urgent that I do speak with you, thank you.

16. On or about October 1, 2007, an employee of the Defendant recorded the following message on the Plaintiff's answering machine:

> Hello Nakeeta, this is Andy from Creditor's Interchange. Please return my call when you get this message toll free at 1-866-892-5257 and my extension is 3024. The number again is toll free 1-866-896-5257 extension 3024. When calling in, please refer to packet number 11177137. I do have an important business matter that requires your immediate attention, and I wish you would please call me back, again at that number 1-866-892-5257, my extension's 3024. Thank you.

17. On or about October 8, 2007, an employee of the Defendant recorded the following message on the Plaintiff's answering machine:

> This message is intended for Nakeeta Casada. This is Rachel (unknown). I need a return call from you today at 1-800-545-2956 extension 3162. Please refer to reference number 11177137 when calling back. Again that's 1-800-545-2596. Thank you.

18. On or about October 11, 2007, an employee of the Defendant recorded the following message on the Plaintiff's answering machine:

> This message is intended for Miss Nakeeta Casado. This is Rachel (unknown) calling. I did leave a message for you on Monday the 8th regarding this matter, and have I- I have not heard back from you. Today is now the 11th. I do have a very limited amount of time in which I can help you take care of this voluntarily, but I need a return call to do so. My number is 1-800-545-2596 extension 3162. Also refer to reference number 11177137 when calling back. If I don't hear back from you I do have to assume that you're refusing to do anything on this, and do advise my client accordingly. Again that's 1-800-545-2596. Thank you.

19. On or about October 12, 2007, an employee of the Defendant recorded the

following message on the Plaintiff's answering machine:

> Nakeeta Casado, this is Rachel (unknown) calling. I've left a couple messages for you now over the last week and a half and I haven't heard from you. Today is October 12th. Um, I am going to be meeting with my client and advise them on your exact and final intentions on this. If I don't hear back from you today, I have to assume that you're refusing to do anything on it voluntarily and will advise accordingly. The number again is 1-800-545-2596 extension 3162. Also, refer to reference number 11177137. Again that number is 1-800-545-2596. Thank you.

20. Defendant's answering machine messages were each a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

21. Defendant's employees failed to disclose Defendant's identity and the nature of Defendant's business in the answering machine messages, in violation of 15 U.S.C. § 1692d(6) and Cal. Civil Code § 1788.11(b). See *Hosseinzadeh v. M.R.S. Associates, Inc.*, 387 F. Supp. 2d 1104, 1112 & 1118 (C.D. CA 2005).

22. Defendant's employees failed to disclose that each of the answering machine messages were communications from a debt collector, in violation of 15 U.S.C. § 1692e(11). See *Hosseinzadeh v. M.R.S. Associates, Inc.*, 387 F. Supp. 2d 1104, 1116 (C.D. CA 2005); *Foti v. NCO Financial Systems, Inc.*, 424 F. Supp. 2d 643, 669 (S.D.N.Y. 2006).

23. Defendants' answering machine messages falsely represented or implied that a lawsuit had been, was about to be, or would be instituted against Plaintiff.

24. Defendants' answering machine messages were designed and intended to instill a false sense of urgency in the listener.

25. Defendants' answering machine messages represented or implied false threats of an imminent lawsuit with the intent to annoy, harass, and abuse Plaintiff.

## VII.  CLAIMS

### FAIR DEBT COLLECTION PRACTICES ACT

26. Plaintiff brings the first claim for relief against Defendant under the Federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

27. Plaintiff repeats, realleges, and incorporates by reference all preceding paragraphs as though fully set forth herein.

28. Plaintiff is a "consumer" as that term is defined by the FDCPA, 15 U.S.C. §

1692a(3).

29.   Defendant, CREDITORS INTERCHANGE RECEIVABLE MANAGEMENT, LLC , is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

30.   The financial obligation allegedly owed by the Plaintiff is a "debt" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

31.   Defendant's answering machine messages described above violate the FDCPA. The violations include, but are not limited to, the following:

    a.   Defendant failed to disclose Defendant's identity and the nature of Defendant's business, in violation of 15 U.S.C. § 1692d(6);

    b.   Defendants falsely represented the character and legal status of the alleged debt, in violation of 15 U.S.C. § 1692e(2)(A);

    c.   Defendants falsely represented or implied that a lawsuit had been, was about to be, or would be instituted against Plaintiff when Defendants did not intend to actually file such a lawsuit, in violation of 15 U.S.C. § 1692e(5);

    d.   Defendants' communications were designed to instill a false sense of urgency in the listener, in violation of 15 U.S.C. §§ 1692e and 1692e(10);

    e.   Defendants failed to disclose that the communications were from a debt collector, in violation of 15 U.S.C. § 1692e(11); and

    f.   Defendants falsely represented threats of a pending or imminent lawsuit with the intent to annoy, harass and abuse Plaintiff, in violation of 15 U.S.C. §§ 1692d, 1692e, and 1692e(10).

32.   Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

33.   As a result of the Defendant's violations of the FDCPA, the Plaintiff is entitled to an award of statutory damages, costs and reasonable attorneys fees, pursuant to 15 U.S.C.

§ 1692k.

## ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

34. Plaintiff brings the second claim for relief against Defendant under the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), California Civil Code §§ 1788-1788.33.

35. Plaintiff repeats, realleges, and incorporates by reference all preceding paragraphs as though fully set forth herein.

36. Plaintiff is a "debtor" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(h).

37. Defendant, CREDITORS INTERCHANGE RECEIVABLE MANAGEMENT, LLC, is a "debt collector" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(c).

38. The financial obligation allegedly owed by the Plaintiff is a "consumer debt" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(f).

39. Defendant's answering machine messages described above violate the RFDCPA. The violations include, but are not limited to, the following:

    a. Defendant failed to disclose Defendant's identity and the nature of Defendant's business, in violation of 15 U.S.C. § 1692d(6), as incorporated by Cal. Civil Code § 1788.17 and Cal. Civil Code § 1788.11(b);

    b. Defendants falsely represented the character and legal status of the alleged debt, in violation of 15 U.S.C. § 1692e(2)(A), as incorporated by Cal. Civil Code § 1788.17, and Cal. Civil Code § 1788.13(j);

    c. Defendants falsely represented or implied that a lawsuit had been, was about to be, or would be instituted against Plaintiff when Defendants did not intend to actually file such a lawsuit, in violation of 15 U.S.C. § 1692e(5), as incorporated by Cal. Civil Code § 1788.17, and Cal. Civil Code § 1788.13(j);

    d. Defendants' communications were designed to instill a false sense of

urgency in the listener, in violation of 15 U.S.C. §§ 1692e and 1692e(10), as incorporated by Cal. Civil Code § 1788.17;

 e. Defendants failed to disclose that the communications were from a debt collector, in violation of 15 U.S.C. § 1692e(11), as incorporated by Cal. Civil Code § 1788.17, and Cal. Civil Code § 1788.13(i); and

 f. Defendants falsely represented threats of a pending or imminent lawsuit with the intent to annoy, harass and abuse Plaintiff, in violation of 15 U.S.C. §§ 1692d, 1692e, and 1692e(10), as incorporated by Cal. Civil Code § 1788.17, and Cal. Civil Code § 1788.13(j).

40. Defendant's acts as described above were done willfully and knowingly with the purpose of coercing Plaintiff to pay the alleged debt, within the meaning of Cal. Civil Code § 1788.30(b).

41. As a result of the Defendant's willful and knowing violations of the RFDCPA, the Plaintiff is entitled to an award of a statutory penalty in an amount not less than one hundred dollars ($100) nor greater than one thousand dollars ($1,000), pursuant to Cal. Civil Code § 1788.30(b).

42. As a result of the Defendant's violations of the RFDCPA, the Plaintiff is entitled to an award of statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A), as incorporated by Cal. Civil Code § 1788.17.

43. As a result of the Defendant's violations of the RFDCPA the Plaintiff is entitled to an award of her reasonable attorney's fees and costs pursuant to Cal. Civil Code § 1788.30(c) and 15 U.S.C. § 1692k(a)(3), as incorporated by Cal. Civil Code § 1788.17.

44. Pursuant to Cal. Civil Code § 1788.32, the remedies provided under the RFDCPA are intended to be cumulative and in addition to any other procedures, rights or remedies that the Plaintiff may have under any other provision of law.

## VIII. REQUEST FOR RELIEF

The Plaintiff requests that this Court:

1  a. Assume jurisdiction in this proceeding;

2  b. Declare that Defendant's answering machine messages violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692d, 1692d(6), 1692e(2)(A), 1692e(3), 1692e(5), 1692e(10) and 1692e(11);

5  c. Declare that Defendant's answering machine messages violated the Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code §§ 1788.11(b), 1788.13(j), and 1788.17;

8  d. Award the Plaintiff statutory damages in an amount not exceeding $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

10 e. Award the Plaintiff a statutory penalty in an amount not less than $100 nor greater than $1,000 pursuant to Cal. Civil Code § 1788.30(b);

12 f. Award the Plaintiff statutory damages in an amount not exceeding $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A), as incorporated by Cal. Civil Code §1788.17;

14 g. Award the Plaintiff the costs of this action and reasonable attorneys fees pursuant to 15 U.S.C. § 1692k(a)(3) and Cal. Civil Code §§ 1788.17 and 1788.30(c); and

16 h. Award the Plaintiff such other and further relief as may be just and proper.

CONSUMER LAW CENTER, INC.

By: /s/ Jovanna R. Longo
Jovanna R. Longo, Esq.
Attorney for Plaintiff
NAKEETA ROSHON CASADO

**CERTIFICATION PURSUANT TO CIVIL L.R. 3-16**

Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

/s/ Jovanna R. Longo
Jovanna R. Longo, Esq.

///
//

**DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, NAKEETA ROSHON CASADO, hereby demands a trial by jury of all triable issues of fact in the above-captioned case.

/s/ Jovanna R. Longo
Jovanna R. Longo, Esq.



**Creditors Interchange**
80 Holtz Drive
Buffalo, NY 14225

RE: Your account with
CHASE MANHATTAN BANK

Reference No. 11177137 USA
For: FIRST USA
Date of Service: 08-31-07
Account: 4266841045316815
Total Due: $7242.01

**Office Hours (Eastern Time):**
Monday - Thursday   8:00 am - 12:00 Midnight
Friday              8:00 am - 9:00 pm
Saturday            8:00 am - 2:00 pm
Sunday              9:00 am - 1:00 pm

Date: 09-07-07

**ANY CHECK RETURNED FOR INSUFFICIENT FUNDS OR ACCOUNT CLOSED MAY BE ASSESSED A PROCESSING FEE IF PERMITTED BY STATE LAW.**

PLEASE DETACH AND RETURN THIS PORTION WITH PAYMENT

Creditors Interchange has received authorization from CHASE MANHATTAN BANK to initiate collection efforts to recover the total amount due as noted above.

It is important for you to know that we are available to work with you on behalf of our client to help you satisfy the debt in a manner that is fair and equitable to all parties. Our specially trained account representatives are ready to assist you with making the arrangements necessary to resolve this matter. You may contact our consultants during our convenient business hours, including evenings, Saturdays, and Sundays.

Should you choose to remit your balance of $7242.01, please be sure to include your account number and/or reference number. Please remit your payment to: Creditors Interchange, P.O. Box 1335, Buffalo NY 14240-1335.

Sincerely,

Kevin Higgins
Phone Number: 1-877-770-6335

This is an attempt to collect a debt and any information obtained will be used for that purpose. This is a communication from a debt collector.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original credit grantor, if different from the current credit grantor.

Creditors Interchange Receivable Management, LLC is a Delaware limited liability company.

Si prefieres hablar sobre su cuenta con un representante que habla español, por favor llamais nos a 1-866-894-7534.

Please note a credit bureau may be run within 30 days to resolve this account.

The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8:00 a.m or after 9:00 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov.

EXHIBIT 1

Reference No.: 42668410045316815, Client: CHASE MANHATTAN BANK, Account: 11177137 USA
Creditors Interchange, 80 Holtz Drive, Buffalo, NY 14225                              01-M1   CRIN

**P.O. BOX 1335**
**BUFFALO, NY 14240-1335**

FIRST CLASS MAIL
AUTO
US POSTAGE PAID
NIAGARA FALLS, NY
PERMIT NO. 1

11177137 USA

01-M1                    *A-01-IA8-BM-18917

NAKEETA CASADO
875 CINNABAR ST APT 4219
SAN JOSE CA 95126-2792                    58

To Open This Side - Slide Finger Under This Edge

www.ftc.gov.